UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CURTIS BUTLER,

     Plaintiff,

v.                          Case No.  5:23-cv-240-TKW-MJF

BRIAN MATHIS, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed an amended complaint under 42 U.S.C. § 1983. Doc. 7. Defendants move to dismiss the complaint because Plaintiff violated his duty of candor to the court by failing to disclose his litigation history completely and honestly. Doc. 34 (citing Fed. R. Civ. P. 11(b), 12(b)). Plaintiff opposes the motion. Doc. 36. The undersigned recommends that the District Court dismiss this case without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

### I. BACKGROUND

Plaintiff Curtis Butler (DC #B00781) is an inmate of the Florida Department of Corrections currently housed at the Mayo Correctional Institution. Doc. 36. Butler is suing three prison officials at the Calhoun

Page 1 of 12

Correctional Institution: Brian Mathis, Lloyd Williams and Anthony Martin. Doc. 7 at 2-3 in ECF;[1] *see also* Doc. 21 (identifying Defendant "John Doe" as Anthony Martin). Butler claims that on May 29, 2022, Defendants used excessive force. *Id*. at 5-11. Butler seeks compensatory and punitive damages. *Id*. at 11.

## II.    DEFENDANTS' MOTION AND BUTLER'S RESPONSE

Defendants move to dismiss the complaint because Butler failed to disclose two postconviction appeals he filed in the Florida state courts. Doc. 34. Butler opposes the motion because: (1) his omission was unintentional; (2) the omitted cases are not material to his Eighth-Amendment excessive force claims; and (3) dismissal would be an "unduly harsh" sanction disproportionate to the omission. Doc. 36.

## III.    DISCUSSION

## A.    Dismissal Standard under 28 U.S.C. § 1915(e)(2)(B)

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972

---

[1] Citations to page numbers of Butler's amended complaint are to those assigned by the District Court's Electronic Case Filing System ("ECF").

(11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court "shall dismiss the case at any time" if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## B.   Requirement to Disclose Litigation History

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915.");

*Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (same), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## C.    <u>**Butler's Responses to Questions on the Complaint Form**</u>

Butler provided answers to Section VIII of the civil rights complaint form which requires Butler to disclose his litigation history. Doc. 7 at 12-16. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

> B. Have you filed other lawsuits in ***state or federal court*** dealing with the same facts or issue involved in this case?

> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 13-14. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

In response to each question, Butler answered "No" and disclosed no cases. Doc. 7 at 13-14. At the end of the civil rights complaint form, Butler signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 16-17. Thus, Butler has in effect stated that at the time he filed this lawsuit, he had not filed any appeal in state court challenging his conviction.

## D.  <u>Butler's Omissions</u>

Defendants point out, and the undersigned takes judicial notice, Fed. R. Evid. 201, that at the time Butler filed his original and amended complaints in this case, he had filed two prior cases that required disclosure:

- *Butler v. State*, No. 3D10-1440, 38 So. 3d 147 (Fla. 3d DCA June 25, 2010) (Table) (postconviction appeal in Butler's Florida Rule 3.800 proceeding to vacate sentence in Miami-Dade Circuit Court Case No. 07-CF-28723); and

- *Butler v. State*, No. 3D11-1544, 67 So. 3d 216 (Fla. 3d DCA July 27, 2011) (Table) (postconviction appeal from final order denying Florida Rule 3.850 motion to vacate conviction in Miami-Dade Circuit Court Case No. 07-CF-28723).

*See* Doc. 34 at 5-6; Doc. 36.[2]

Neither Butler's original complaint in this case, nor his amended complaint, disclosed the foregoing state-court appeals that challenged Butler's conviction and sentence. *See* Docs. 1, 7. Butler's failure to disclose these cases violates Butler's duty of candor to this court.

## E.    <u>The Materiality of Butler's Omissions</u>

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

---

[2] Butler does not dispute the subject-matter of these appeals or that he filed them. *See* Doc. 36.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation

history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Here, Butler falsely responded to a question on the complaint form as detailed above. Butler knew from reading the complaint form that he was required to disclose all prior cases, including appeals, that challenged his conviction. Doc. 7 at 14.[3] Butler also knew that the penalty for failing to disclose all prior cases was dismissal of this civil action. *See* Doc. 1 at 14 in ECF ("***Failure to disclose all prior cases may result in the dismissal of this case.***").

There is no excuse for Butler's failure to respond truthfully to the question on the complaint form. The question is straightforward and easily understandable. *Kendrick*, 2022 WL 2388425, at *2-3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure).

---

[3] Butler does not dispute that the two state-court appeals fall squarely within the complaint form's disclosure requirements. *See* Doc. 36.

Butler's argument that his omissions were unintentional does not excuse his misconduct. Regardless of whether his response to the question was knowing or intentional, Butler failed to accurately disclose his prior litigation—and failed to do so under oath. *See Ballard v. Broling*, No. 22-12651, 2023 WL 6799147, at *1 (11th Cir. Oct. 16, 2023) (prisoner's failure to accurately disclose prior litigation was abuse of the judicial process subject to sanctions under 28 U.S.C. § 1915, notwithstanding prisoner's assertion that his omissions were unintentional).

A penalty is warranted both to deter Butler from such conduct and to deter others from similar misrepresentations and material omissions.

## F.    <u>The Appropriate Sanction Is Dismissal Without Prejudice</u>

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The District Court should not allow Butler's false response to go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other

prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

If Butler suffered no penalty for his untruthful response, there would be little or no disincentive for Butler's attempt to evade or undermine the purpose of the form. An appropriate sanction for Butler's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements"); *Reynolds v. Lowery*, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Butler a second opportunity to amend his complaint

to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964-65 (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **GRANT** Defendants' motion to dismiss, Doc. 34.

2.  **DISMISS** this civil action **without prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), because Plaintiff abused the judicial

process in failing to disclose his litigation history completely and honestly.

3.    **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Panama City, Florida, this <u>7th</u> day of April, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**